# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
Newport News Division

UNITED STATES OF AMERICA

v.

WILLIAM WHITE

Defendant.

Case Number: 4:16CR00060-002

USM Number: 62418-037

Defendant's Attorney:   Jonathan Simms

Chad Dorsk

## JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Count 3 of the Superseding Indictment.

Accordingly, the defendant is adjudged guilty of the following count involving the indicated offense.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 18 U.S.C. §1952(a)(3) and 2 | Travel in Interstate Commerce in Aid of Racketeering | Felony | August 2016 | 3 |

On motion of the United States, the Court has dismissed the remaining count in the superseding indictment as to defendant WILLIAM WHITE.

As pronounced on November 9, 2018, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until the fine and special assessment imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 15th day of November, 2018.

/s/
Arenda L. Wright Allen
United States District Judge

Case Number: 4:16CR00060-002
Defendant's Name: WHITE, WILLIAM

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWO (2) MONTHS**.

The Court makes the following recommendations to the Bureau of Prisons:

1) The defendant shall be incarcerated in a facility as close to Cumberland, Maryland as possible.

The defendant shall surrender for service of the sentence at the institution designated by the BOP/U.S. Marshal before 2:00 P.M. on January 4, 2019, as notified by the U.S. Marshal.

If the defendant is not notified by the United States Marshal of the institution designated, the defendant shall report to the United States Marshal at 600 Granby Street, Norfolk, VA, by 2:00 P.M. on January 4, 2019, to begin service of the sentence.

# RETURN

I have executed this judgment as follows: _____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Case 4:16-cr-00060-AWA-RJK   Document 200   Filed 11/15/18   Page 3 of 6 PageID# 1138   Page 3 of 6
Sheet 3 – Supervised Release

Case Number:     4:16CR00060-002
Defendant's Name:   WHITE, WILLIAM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **TWO (2) YEARS**.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. As reflected in the presentence report, the defendant presents a low risk of future substance abuse and therefore, the court hereby suspends the mandatory condition for substance abuse testing as defined by 18 USC 3563 (a)(5). However, this does not preclude the U.S. Probation Office from administering drug tests as they deem appropriate. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | |
|---|---|
| **Case Number:** | 4:16CR00060-002 |
| **Defendant's Name:** | WHITE, WILLIAM |

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall be on Home Detention, which shall include electronic monitoring at the defendant's expense, for a period of <u>TWELVE (12)</u> months. During this time, he shall remain at his place of residence except for employment and other activities approved in advance by the probation officer.

2) While on home detention, the defendant shall maintain a telephone at his place of residence without party lines, telephone answering machines, a modem, call forwarding, caller ID, call waiting, portable cordless telephones or any other devices or services that may interfere with the proper functioning of the electronic monitoring equipment for the above period. The defendant shall wear an electronic monitoring device, follow electronic monitoring procedures, and pay the cost of electronic monitoring, all as directed by the probation officer.

3) The defendant shall perform 200 hours of community service for at-risk youth.

4) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment. The cost of this program is to be paid by the defendant as directed by the Probation Officer.

5) The defendant shall waive all rights of confidentiality regarding mental health treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

6) The defendant shall provide the probation officer access to any requested financial information.

Case Number: 4:16CR00060-002
Defendant's Name: WHITE, WILLIAM

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 3 | $100.00 | $10,000.00 | $0.00 |
|   | $0.00 | $0.00 | $0.00 |
| **TOTALS:** | **$100.00** | **$10,000.00** | **$0.00** |

# FINES

The defendant shall pay a fine of $10,000.00 as to count 3.

# RESTITUTION

There has been no restitution imposed in this case.

Case Number: 4:16CR00060-002
Defendant's Name: WHITE, WILLIAM

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment and fine are due and payable immediately. Any balance remaining unpaid on the special assessment and fine at the inception of supervision, shall be paid by the defendant in installments of not less than $200.00 per month, until paid in full. Said payments shall commence 60 days after defendant's supervision begins.

Since this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Any special assessment and fine payments may be subject to penalties for default and delinquency.

Nothing in the court's order shall prohibit the collection of any judgment by the United States.